1
2
3                          UNITED STATES DISTRICT COURT
4                         NORTHERN DISTRICT OF CALIFORNIA
5
6
7
8    LYDIA R. EDEJER,                              No. C 09-1302 PJH
                  Plaintiff,                       **ORDER GRANTING MOTIONS**
9                                                  **TO DISMISS**
            v.
10
     DHI MORTGAGE COMPANY, et al.,
11
                  Defendants.
12   _____/

13          Before the court is a motion to dismiss filed by defendants HSBC Bank USA,

14   National Association ("HSBC") and Mortgage Electronic Registration Systems, Inc.

15   ("MERS").  Also before the court are motions to dismiss filed by defendants DHI Mortgage

16   Company ("DHI") and Ocwen Loan Servicing , LLC ("Ocwen").  *Pro se* plaintiff Lydia Edejer

17   ("plaintiff") did not oppose the motions.  Nor did plaintiff file a statement of non-opposition

18   pursuant to Civil Local Rule 7-3.  Because the court finds that oral argument is

19   unnecessary and would not be helpful, the hearing date of June 17, 2009 is VACATED

20   pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, defendants' motions to

21   dismiss are GRANTED.

22                                   **BACKGROUND**

23          This action arises out of a non-judicial foreclosure sale of real property purchased by

24   plaintiff.  Plaintiff is a resident of Contra Costa County and purchaser of real property

25   located at 2668 Cinnabar Hills Court, Brentwood California 94513 (the "property").  Compl.

26   ¶ 1.  On or about July 12, 2006, plaintiff executed an Adjustable Rate Mortgage Note,

27   promising to pay DHI $686,068.  Id.  ¶ 8.  Also in July 2006, plaintiff executed a second

28   promissory note, promising to pay DHI $171,517.  DHI's Request for Judicial Notice

1   ("RJN"), Exh. 4.  Plaintiff financed the acquisition of the property through the loans obtained

2   from DHI.  DHI's RJN, Exhs. 3-4.  The loans are secured by a first and second Deed of

3   Trust against the property, dated July 26, 2006.  Id.[1]  The Deeds of Trust named MERS as

4   nominee beneficiary for DHI .  Id.  First American Title Insurance Company was named as

5   the trustee under both Deeds of Trust.  DHI's RJN, Exhs. 3-4.  Ocwen is a loan servicer,

6   Compl. ¶ 33, that, apparently, acquired the rights to service plaintiff's junior loan until

7   February 2008.  At some point following the closing of the loans, NDEx West, LLC was

8   substituted as trustee under the first Deed of Trust.  DHI's RJN, Exh. 5.

9        After plaintiff fell nearly $16,000 in arrears on loan payments, a non-judicial

10  foreclosure was initiated when a Notice of Default and Election to Sell Under Deed of Trust

11  was recorded on May 3, 2007.  Ocwen's RJN, Exh. 1; DHI's RJN, Exh. 5.  On August 22,

12  2007, a Notice of Trustee's Sale was recorded, stating that plaintiff was in default under a

13  Deed of Trust recorded on July 28, 2006 as Instrument No. 2006-0238829-00 in the Official

14  Records of Contra Costa County (first Deed of Trust), and that the property would be

15  subject to sale in a public auction on September 6, 2007.  DHI's RJN, Exh. 6.  On June 25,

16  2008, a Trustee's Deed Upon Sale was recorded, stating that the property was purchased

17  by HSBC as trustee for Deutsche Alt-A Securities 2006-AR4 on June 18, 2008.  DHI's RJN,

18  Exh. 7.

19       On February 13, 2009, plaintiff filed the instant action in Contra Costa County

20  Superior Court, alleging twelve causes of action: (1) violation of the Truth in Lending Act,

21  15 U.S.C. § 1611 et seq. ("TILA"); (2) violation of "26 U.S.C. § 2605 et seq." (3) violation of

22  the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602 et seq.

23  ("HOEPA"); (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

24  ("FDCPA"); (5) breach of fiduciary duty; (6) breach of the covenant of good faith and fair

25  dealing; (7) injunctive relief; (8) injunctive relief; (9) declaratory relief; (10) fraud; (11) fraud;

26  and (12) rescission and damages under 15 U.S.C. § 1635.

27

28

---

[1] The first Deed of Trust was recorded on July 28, 2006 as Instrument No. 2006-0238829-00 in the Official Records of Contra Costa County.  DHI's RJN, Exh. 3.  The second Deed of Trust was recorded on July 28, 2009 as Instrument No. 2006-0238830-00 in the Official Records of Contra Costa County.  DHI's RJN, Exh. 4.

On March 25, 2009, this case was removed on the basis of federal question jurisdiction.  On April 1, 2009, HSBC and MERS as well as Ocwen filed a motion to dismiss, and on April 27, 2009, DHI filed a motion to dismiss (collectively "defendants").  Plaintiff did not oppose the motions.

**DISCUSSION**

A.    Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory.  Id.  The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims.  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged.  Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).  In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and documents attached thereto.  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

1    To survive a motion to dismiss for failure to state a claim, a complaint generally must

2  satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

3  Rule 8 requires only that the complaint include a "short and plain statement of the claim

4  showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2).  Specific facts are

5  unnecessary - the statement need only give the defendant "fair notice of the claim and the

6  grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell

7  Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)).  In order to survive a dismissal

8  motion, a plaintiff must allege facts that are enough to raise her right to relief "above the

9  speculative level." Twombly, 127 S.Ct. at 1965.  While the complaint "does not need

10  detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds'

11  of his 'entitlement to relief' [which] requires more than labels and conclusions, and a

12  formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  In

13  short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

14  face," not just conceivable. Id. at 1974.

15    In addition, when resolving a motion to dismiss for failure to state a claim, the court

16  may not generally consider materials outside the pleadings. Lee v. City of Los Angeles,

17  250 F.3d 668, 688 (9th Cir. 2001).  An exception to this rule is that a court may consider a

18  matter that is properly the subject of judicial notice, such as matters of public record. Id. at

19  689; see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir.

20  1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters

21  of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary

22  judgment).

23  B.    Defendants' Requests for Judicial Notice

24    Defendants move for judicial notice of their exhibits in support of their motions to

25  dismiss pursuant to Federal Rule of Evidence 201.

26    DHI and Ocwen request that the court take judicial notice of the following

27  documents: (1)  Deed of Trust, dated July 26, 2006 and recorded on July 28, 2006, in the

28  Official Records of Contra Costa County, California as Instrument No. 2006-0238829-00;

4

1    (2) Deed of Trust, dated July 26, 2006 and recorded on July 28, 2006, in the Official

2   Records of Contra Costa County, California as Instrument No. 2006-0238830-00; (3) Notice

3   of Default and Election to Sell Under Deed of Trust, dated May 3, 2007 and recorded on

4   May 3, 2007, in the Official Records of Contra Costa County, California as Instrument No.

5   2007-0131910-00; (4) Notice of Trustee's Sale, dated August 4, 2007 and recorded on

6   August 22, 2007, in the Official Records of Contra Costa County, California as Instrument

7   No. 2007-0240985-00; and (5) Trustee's Deed Upon Sale, dated June 23, 2008 and

8   recorded on June 25, 2008, in the Official Records of Contra Costa County, California as

9   Instrument No. 2008-0142057-00.[2]  DHI and Ocwen also request that the court take judicial

10  notice of their respective registrations with the California Secretary of State.  Finally, DHI,

11  HSBC and MERS request that the court take judicial notice of plaintiff's complaint filed in

12  Contra Costa County Superior Court.

13         Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A

14  judicially noticed fact must be one not subject to reasonable dispute in that it is either (1)

15  generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

16  and ready determination by resort to sources whose accuracy cannot reasonably be

17  questioned."

18         With regard to the documents recorded in the Official Records of Contra Costa

19  County, the court takes judicial notice of these documents as they are matters of public

20  record.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (A court

21  may take judicial notice of matters of public record outside the pleadings on a motion to

22  dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial

23  notice of documents in a county public record, including deeds of trust).

24         With regard to DHI's and Ocwen's respective registrations with the California

25  Secretary of State, the court takes judicial notice of this information.  This information is

26  from an official government website and its accuracy is not reasonably in dispute.  See

27  Denius v. Dunlap, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information

28

[2] HSBC and MERS also request that the court take judicial notice of this document.

1  on official government website); <u>Cali v. E. Coast Aviation Servs., Ltd.</u>, 178 F.Supp.2d 276,

2  287 n. 6 (E.D.N.Y. 2001) (taking judicial notice of documents from Pennsylvania state

3  agencies and Federal Aviation Administration).

4      Finally, with regard to plaintiff's complaint filed in Contra Costa County Superior

5  Court, the court declines to take judicial notice of this document.  Plaintiff's complaint was

6  submitted as part of the Notice of Removal, and therefore is already part of the record.  <u>See</u>

7  Notice of Removal, Removal, Dkt. No. 1.  As such, judicial notice of the complaint is

8  unnecessary.

9      Accordingly, Ocwen's request for judicial notice is GRANTED.  DHI's request for

10 judicial notice is GRANTED in part and DENIED in part.  HSBC and MERS's request for

11 judicial notice is GRANTED in part and DENIED in part.

12 C.      Defendants' Motions to Dismiss

13          1.      Violation of TILA

14     Plaintiff's first cause of action alleges that defendants violated TILA when they did

15 not "validate or otherwise make a full accounting and the required disclosures as to the true

16 finance charged and fees;" "improperly retained funds belonging to Plaintiff;" and refused to

17 "disclose the status of the ownership of the loans."  Plaintiff seeks remedies of both

18 rescission and damages.

19     TILA is intended to protect consumers in credit transactions by requiring disclosure

20 of key terms of the lending arrangement and its related costs. 15 U.S.C. § 1601 *et seq.*  A

21 lender's violation of TILA allows the borrower to seek damages or to rescind a consumer

22 loan secured by the borrower's primary dwelling.  A plaintiff's damage claims relating to

23 improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C.

24 § 1640(e), which runs from the time the loan transaction is consummated.  <u>King v. State of</u>

25 <u>California</u>, 784 F.2d 910, 915 (1986); <u>see</u> <u>also</u> <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d

26 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the

27 time the loan documents were signed).

28     Plaintiff alleges that she executed the loan documents in July 2006.  Plaintiff,

6

however, did not file this lawsuit until February 13, 2009, more than one year after the loan documents were signed.  Plaintiff's request for monetary damages under TILA is therefore time-barred, unless the doctrine of equitable tolling applies.  See King, 784 F.2d at 915 (equitable tolling of civil damages claims brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action).  "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' "  O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 (1990)).  Because plaintiff's complaint does not allege any facts demonstrating entitlement to equitable tolling, plaintiff's TILA damages claim against defendants is dismissed without prejudice.  Plaintiff may amend this claim if she can truthfully allege circumstances that would equitably toll the statute of limitations.

As to rescission, TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security.  Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a).  TILA rescission may be extended up to three years if the lender fails to comply with TILA disclosure requirements.  Semar, 791 F.2d at 701-02; 15 U.S.C. § 1635(f).  The relevant law for a claim of rescission based on an alleged TILA violation provides that "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . ." 15 U.S.C. § 1635(f).  To exercise the right to rescind, a borrower must "notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23(a)(2). Notice is effective "when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business."  Id.

1    Plaintiff alleges that on February 16, 2009 she served defendants with a letter

2    providing notice of her election to rescind the loan.  However, because plaintiff's right of

3    rescission terminated upon sale of the property on June 18, 2008, see Meyer, 342 F.3d at

4    902  (right to rescind expires when property is sold); Hallas v. Ameriquest Mortg. Co., 406

5    F.Supp.2d 1176, 1183 (D. Or. 2005) (foreclosure sale terminated plaintiff's right of

6    rescission), she did not timely exercise her right to rescind.  Nor does the filing of this

7    lawsuit constitute a timely exercise of plaintiff's right to rescind.  Even assuming that the

8    filing of a lawsuit can be sufficient written notice of rescission under TILA, see Jones v.

9    Saxon Mortgage, 537 F.3d 320, 325-26 (4th Cir. 1998), plaintiff did not timely exercise her

10   right to rescind.  Plaintiff filed this action on February 13, 2009, nearly eight months after

11   the foreclosure sale.  As such, rescission is no longer an available remedy to plaintiff.

12       Accordingly, plaintiff's first cause of action is dismissed for failure to state a claim

13   upon which relief may be granted.  Plaintiff's TILA damages claim is dismissed with leave

14   to amend to allege specific facts suggesting that the one-year statute of limitations was

15   equitably tolled.  Plaintiff's TILA rescission claim is dismissed with prejudice, as amendment

16   could not cure this deficiency

17       2.    Violation of 26 U.S.C. § 2605 et seq.

18       Plaintiff's second cause of action entitled, "Violation of 26 U.S.C. § 2605 et seq.,"

19   alleges that defendants are such that they fall within the requirements of RESPA.

20   Specifically, plaintiff alleges that defendants "placed loans for the purpose of unlawfully

21   increasing or otherwise obtaining yield spread fees and sums in excess of what would have

22   been lawfully earned."  In addition, plaintiff alleges that defendants, either individually or

23   jointly as "Servicers," violated the requirements of "26 U.S.C. § 2605(B)" in that the

24   servicing contract or duties thereunder were transferred or hypothecated without the

25   required notice.  Finally, plaintiff alleges that "the service of the purported note was, without

26   [her] knowledge, by some means transferred from or by . . . DHI . . . either completely or by

27   association or other means to DOE 1 who unknown to Plaintiff provided services in various

28   forms to be determined to others which were of such a nature to render them a "Servicer"

8

1    within the definition found within 26 U.S.C. § 2605."

2        "RESPA requires mortgage lenders to disclose the costs associated with real estate

3    closings."  Bloom v. Martin, 77 F.3d 318, 320 (9th Cir. 1996) (citing 12 U.S.C. § 2601).

4    RESPA was enacted to institute:

5        [S]ignificant reforms in the real estate settlement process . . . to insure that
         consumers throughout the Nation are provided with greater and more timely
6        information on the nature and costs of the settlement process and are
         protected from unnecessarily high settlement charges caused by certain
7        abusive practices that have developed in some areas of the country.

8    12 U.S.C. § 2601(a).

9        As an initial matter, the court notes that 26 U.S.C. § 2605 does not exist.[3]

10   Nevertheless, even assuming that plaintiff meant to cite to 12 U.S.C. § 2605(b),[4] the

11   complaint does not allege specific facts giving rise to an inference that defendants violated

12   RESPA.  Even construing the complaint liberally, the court cannot determine the factual

13   allegations underlying plaintiff's conclusory assertion that defendants have charged an

14   improper yield spread[5] or violated their duties as servicers.  This is because plaintiff did not

15   identify the specific provisions of RESPA that defendants allegedly violated, nor did plaintiff

16   allege specific facts as to the manner in which defendants' conduct allegedly violated these

17

18

19       [3] The complaint alleges that defendants violated 26 U.S.C. § 2605(B).  The court

20   assumes that this is a typographical error, and that plaintiff intended to allege a violation of 12
     U.S.C. § 2605(b).

21       [4] Under 12 U.S.C § 2605(b), a servicer of any federally related mortgage loan is

22   required to notify the borrower in writing of any assignment, sale, or transfer of the servicing
     of the loan to any other person or business at least 15 days prior to the transfer.  "The term

23   'servicer' means the person responsible for servicing of a loan (including the person who
     makes or holds a loan if such person also services the loan)."  12 U.S.C. § 2605(i)(2).  "The

24   term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant
     to the terms of any loan . . . and making the payments of principal and interest and such other

25   payments with respect to the amounts received from the borrower as may be required
     pursuant to the terms of the loan."  12 U.S.C. § 2605(i)(3).

26       [5] "A yield spread premium, or 'YSP,' is a lump sum paid by a lender to a broker at

27   closing when the loan originated by the broker bears an above-par interest rate."  Schuetz v.
     Banc One Mortg. Corp., 292 F.3d 1004, 1007 (9th Cir. 2002).  "YSP's are widespread and

28   commonly used as a method to compensate mortgage brokers for services provided to
     borrowers and the lender . . . [and] are accepted vehicles for lenders to compensate mortgage
     brokers for services rendered in the closing transaction."  Byars v. SCME Mortgage Bankers,
     Inc., 109 Cal.App.4th 1134, 1149 (2003) (citations omitted).

1   provisions.  As such, plaintiff has not satisfied the minimal notice pleading requirements of
2   Rule 8.

3        While Rule 8 only requires that a complaint include a "short and plain statement of
4   the claim showing that the pleader is entitled to relief," the complaint must contain
5   allegations putting defendant on fair notice of the claims asserted and the grounds upon
6   which they rest.  Neither defendants nor the court need speculate as to which provisions
7   plaintiff is suing under, or how defendants violated those provisions.  Vague allegations
8   containing mere labels and conclusions are insufficient to survive a motion to dismiss.  <u>See</u>
9   <u>Twombly</u>, 127 S.Ct. at 1964-65.  In short, dismissal of this cause of action is  warranted
10  because plaintiff's vague and largely incoherent allegations failed to set forth sufficient facts
11  to raise her right to relief above the speculative level insofar as she neither identified the
12  applicable provisions she seeks relief under nor alleged sufficient facts to support her
13  "belief" that defendants violated these provisions.

14       Accordingly, plaintiff's second cause of action is dismissed for failure to state a claim
15  upon which relief may be granted.  Because amendment does not appear futile at this time
16  with respect to DHI, this claim is dismissed with leave to amend to allege specific facts
17  giving rise to an inference that DHI violated RESPA.  However, because it is undisputed
18  that HSBC, MERS and Ocwen were not the originators of the mortgage loans, plaintiff fails
19  to allege facts that would place responsibility on these defendants for acts that occurred
20  when the loans were originated.  The complaint alleges nothing to suggest that these
21  defendants are subject to a RESPA claim, or to warrant an attempt at amendment.  The
22  complaint therefore will be dismissed with prejudice as to HSBC, MERS and Ocwen.

23       3.    Violation of HOEPA

24       Plaintiff's third cause of action alleges that the mortgage she obtained through DHI,
25  and enforced by other defendants, falls within the purview of HOEPA.  Plaintiff further
26  alleges that "the loan was placed in violation of the HOEPA act as it was placed and
27  administered and otherwise utilized without regard to Plaintiff's income or cash flow and
28  with the intention of inducing a default."

1    HOEPA amended TILA to "combat predatory lending." In re First Alliance Mortgage

2    Co., 471 F.3d 977, 984, n. 1 (9th Cir. 2006).  HOEPA applies to certain high risk loans

3    involving higher interest rates and costs.  HOEPA's disclosure requirements only apply to

4    loans in which "the annual percentage rate at consummation of the transaction will exceed

5    by more than 10 percentage points the yield on Treasury securities" or those in which "the

6    total points and fees payable by the consumer at or before closing will exceed the greater

7    of – (i) 8 percent of the total loan amount; or (ii) $400." 15 U.S.C. § 1602(aa)(1).

8        Plaintiff's HOEPA claim fails for two reasons.  First, the complaint does not allege

9    any facts suggesting that the loan at issue is governed by HOEPA, and therefore fails to

10   satisfy the minimal notice pleading standards of Rule 8.  Second, as HOEPA is part of

11   TILA, it is governed by the same statute of limitations, and therefore plaintiff's HOEPA

12   damages claim is barred by the same one-year statute of limitations discussed above with

13   respect to plaintiff's TILA damages claim.  See In re Community Bank of Northern Virginia,

14   418 F.3d 277, 304-05 (3d  Cir. 2005).

15       Accordingly, plaintiff's third cause of action is dismissed for failure to state a claim

16   upon which relief may be granted.  For the reasons discussed above with respect to

17   plaintiff's TILA claim for damages, this claim is dismissed with leave to amend to allege

18   specific facts against DHI suggesting that the one-year statute of limitations was equitably

19   tolled as well as specific facts giving rise to an inference that plaintiff's loan is governed by

20   HOEPA.  To the extent that plaintiff contends that HSBC, MERS or Ocwen placed and

21   administered the loan "without regard to Plaintiff's income or cash flow and with the

22   intention of inducing default," the complaint does not allege that HSBC, MERS or Ocwen

23   extended credit to plaintiff and plaintiff cannot do so because it is undisputed that these

24   defendants did not originate the loan. This claim therefore will be dismissed with prejudice

25   as to HSBC, MERS and Ocwen.

26       4.    Violation of the FDCPA

27       Plaintiff's fourth cause of action alleges that defendants are "debt collectors" within

28   the meaning of the FDCPA, 15 U.S.C. § 1692, and that "Defendants did not respond to her

1   demands in such ways as to meet the requirements of the act."

2   Plaintiff's FDCPA claim fails for two reasons.  First, the complaint does not allege

3   any facts to suggest that any defendant is a debt collector under the FDCPA.  To be held

4   liable for violation of the FDCPA, a defendant must fall within the Act's definition of "debt

5   collector."  Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1198 (C.D. Cal. 2008)

6   (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)).  The FDCPA defines a "debt collector"

7   as "any person who uses any instrumentality of interstate commerce or the mails in any

8   business the principal purpose of which is the collection of any debts, or who regularly

9   collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

10   owed or due another."  15 U.S.C. § 1692a(6).  Plaintiff does not allege specific facts giving

11   rise to the inference that any defendants is a debt collector as defined by the FDCPA, nor

12   did plaintiff identify the provisions of the Act that defendants allegedly violated.  As such,

13   plaintiff has not satisfied the minimal notice pleading requirements of Rule 8.

14   Second, the complaint does not allege that any defendant was "collecting a debt"

15   within the meaning of the FDCPA.  Nor can plaintiff do so because foreclosing on a

16   property pursuant to a deed of trust is not the collection of a debt under the FDCPA.

17   Izenberg, 589 F.Supp.2d at 1199.

18   Accordingly, plaintiff's fourth cause of action is dismissed for failure to state a claim

19   upon which relief may be granted.  Because amendment would be futile, this claim is

20   dismissed with prejudice.

21   5.   Breach of Fiduciary Duty

22   Plaintiff's fifth cause of action alleges that defendants "created, accepted and acted

23   in a fiduciary relationship of great trust and acted for and were the processors of property

24   for the benefit of plaintiff."  Plaintiff further alleges that defendants placed themselves in a

25   position of trust by virtue of the expertise represented by and through their employees, and

26   that defendants breached their fiduciary duties owed to plaintiff by acting and continuing to

27   act for their own benefit to the detriment of plaintiff by, among other things, "plac[ing] and

28   negotiating loans without due care to the best interests of Plaintiff or for the protection of

1   [her] rights."

2          "The elements of a cause of action for breach of fiduciary duty are: 1) the existence

3   of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage."  Pellegrini v.

4   Weiss, 165 Cal.App.4th 515, 524 (2008).  "A fiduciary or confidential relationship can arise

5   when confidence is reposed by persons in the integrity of others, and if the latter voluntarily

6   accepts or assumes to accept the confidence, he or she may not act so as to take

7   advantage of the other's interest without that person's knowledge or consent."  Pierce v.

8   Lyman, 1 Cal.App.4th 1093, 1101-02 (1991).  "The relationship between a lending

9   institution and its borrower-client is not fiduciary in nature."  Nymark v. Heart Fed. Savings

10  & Loan Assn., 231 Cal.App.3d 1089, 1093, n. 1 (1991) (citing Price v. Wells Fargo Bank,

11  213 Cal.App.3d 465, 476-478 (1989)).  A commercial lender is entitled to pursue its own

12  economic interests in a loan transaction.  Nymark, 231 Cal.App.3d at 1093, n. 1, 283 (citing

13  Kruse v. Bank of America, 202 Cal.App.3d 38, 67 (1988)).

14         Plaintiff's breach of fiduciary duty claim is barred as a matter of law with respect to

15  DHI because as the mortgage lender DHI has no fiduciary duty to plaintiff.  With respect to

16  the other defendants, plaintiff did not allege sufficient facts giving rise to an inference that

17  the relationship between herself and HSBC, MERS or Ocwen is fiduciary in nature.  The

18  complaint alleges no facts to suggest a basis to support a breach of fiduciary duty claim

19  against these defendants.  Instead, plaintiff's complaint contains vague allegations and

20  mere labels and conclusions, which are insufficient to survive a motion to dismiss.  See

21  Twombly, 127 S.Ct. at 1964-65.

22         Accordingly, plaintiff's fifth cause of action is dismissed for failure to state a claim

23  upon which relief may be granted.  Because it is clear from the allegations of the complaint

24  that amendment would be futile, this claim is dismissed with prejudice.

25         6.      Breach of the Implied Covenant of Good Faith and Fair Dealing

26         Plaintiff's sixth cause of action alleges that the commencement of foreclosure

27  proceedings without the production of documents demonstrating the lawful rights for

28  foreclosure constitutes a breach of the implied covenant of good faith and fair dealing.

1    Every contract "imposes upon each party a duty of good faith and fair dealing in its

2  performance and its enforcement."  McClain v. Octagon Plaza, LLC, 159 Cal.App.4th 784,

3  798 (2008) (quotation marks omitted).  To establish a breach of an implied covenant of

4  good faith and fair dealing, a plaintiff must establish the existence of a contractual

5  obligation, along with conduct that frustrates the other party's rights to benefit from the

6  contract.  See Racine & Laramie v. Dep't of Parks & Rec., 11 Cal.App.4th 1026, 1031-32

7  (1992); see also Gus v. Bechtel Nat. Inc., 24 Cal.4th 317, 349-350 (2000) (the covenant of

8  good faith and fair dealing cannot be endowed with an existence independent of its

9  contractual underpinnings, and thus cannot impose substantive duties or limits on the

10  contracting parties beyond those incorporated in the specific terms of their agreement).

11    Apart from simply asserting a breach of the implied covenant of good faith and fair

12  dealing, plaintiff does not allege facts establishing that any of the defendants breached a

13  contractual obligation.  Even construing the allegations of the complaint liberally, the

14  complaint does not establish the existence of a contract between plaintiff and HSBC,

15  MERS, or Ocwen.  Nor did plaintiff allege the manner in which any of the defendants

16  breached a contractual obligation, i.e., conduct that frustrated plaintiff's rights to benefit

17  from the contract.   As such, plaintiff has failed to sufficiently plead a claim for breach of the

18  implied covenant of good faith and fair dealing.

19    To the extent that this claim is predicated on DHI's breach of a contractual obligation

20  under the first Deed of Trust, this claim is subject to dismissal because a covenant of good

21  faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly

22  permitted by an agreement."  Carma Developers (Cal.), Inc. v. Marathon Development

23  California, Inc., 2 Cal.4th 342, 374 (1992).  As pointed out by DHI, § 22 of the first Deed of

24  Trust provides that in the event of a default, the borrower must be notified of, among other

25  things, the default, the action required to cure default, the date by which the default must be

26  cured, and that failure to cure the default by the date specified may result in the

27  acceleration of the sums secured by the Deed of Trust and sale of the property.  DHI's

28  RJN, Exh. 3.  The first Deed of Trust further provides that if the default is not cured by the

14

1   date specified in the notice, lender may require immediate payment in full of the sums

2   secured by the first Deed of Trust without further demand and may invoke the power of

3   sale.  Id.  Plaintiff does not allege that she did not default on the loan.  Nor does she allege

4   that she was not notified of the default, the action required to cure default, the date by

5   which the default must be cured, and that failure to cure the default by the date specified

6   may result in the acceleration of the sums secured by the Deed of Trust and sale of the

7   property.  Nor does plaintiff point to any contractual obligation that required DHI to produce

8   documents demonstrating its lawful right to commence foreclosure proceedings following

9   plaintiff's default.

10          Accordingly, plaintiff's sixth cause of action is dismissed for failure to state a claim

11   upon which relief may be granted.  Because amendment does not appear futile at this time,

12   this claim is dismissed with leave to amend to allege specific facts giving rise to an

13   inference that defendants breached the covenant of good faith and fair dealing.

14          7.      Injunctive Relief

15          Plaintiff's seventh and eighth causes of action seek to state claims for injunctive

16   relief.  However, a request for injunctive relief by itself does not state a cause of action and

17   is properly brought before the court as a separate motion.  Shamsian v. Atl. Richfield Co.,

18   107 Cal.App.4th 967, 984-85 (2003).  Moreover, even if the court were to construe this

19   request as derivative of all other alleged causes of action, plaintiff would still bear the

20   burden of showing that she is likely to succeed on the merits, that she is likely to suffer

21   irreparable harm in the absence of preliminary relief, that the balance of equities tip in her

22   favor, and that an injunction is in the public interest.  Winter v. Natural Resources Defense

23   Council, Inc., 129 S.Ct. 365, 374 (2008); see also Munaf v. Green, 128 S.Ct. 2207, 2218-19

24   (2008).

25          Because a request for injunctive relief by itself does not state a cause of action,

26   these claims are dismissed for failure to state a claim upon which relief may be granted.  To

27   the extent that this claim is derivative of the other alleged causes of action alleged in the

28   complaint, plaintiff has not sustained her burden to demonstrate she is likely to

1   succeed on the merits, and therefore is not entitled to injunctive relief based on her

2   pleadings.  Moreover, to the extent that plaintiff seeks injunctive relief related to the

3   nonjudicial foreclosure, this relief is moot as the property has been sold.  There remains no

4   effective relief this court can offer as the court cannot restrain or prevent an action that has

5   already occurred.  See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999)

6   ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim

7   is moot and must be dismissed for lack of jurisdiction.").  Finally, to the extent that the

8   complaint alleges that MERS lacks standing to foreclose because it has not qualified to do

9   business in the State of California, plaintiff has not alleged sufficient facts to establish that

10  MERS cannot defend itself in this action.

11          Accordingly, plaintiff's seventh and eighth causes of action are dismissed for failure

12  to state a claim upon which relief may be granted.  Because amendment would be futile,

13  these claims are dismissed with prejudice.  Plaintiff, however, may amend the complaint to

14  include injunctive relief as a remedy for specific causes of action.

15          8.      Declaratory Relief

16          Plaintiff's ninth cause of action alleges that a dispute exists between herself and

17  defendants as their respective duties and obligations with regard to the loan or foreclosure,

18  including the ownership rights and validity of the commencement of the foreclosure

19  proceedings.  Plaintiff further alleges that a declaration of rights and duties of the parties

20  herein are essential to determine the actual status and validity of the loan, deed of trust,

21  nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure

22  proceedings and related matters.

23          An action for declaratory relief requires the plaintiff to demonstrate the existence of

24  an actual controversy regarding the legal rights of the parties.  McClain, 159 Cal.App.4th at

25  800.  Where there is an accrued cause of action for a past breach of contract or other

26  wrong, declaratory relief is inappropriate.  See Canova v. Trustees of Imperial Irrigation

27  District Employee Pension Plan, 150 Cal.App.4th 1487, 1497 (2007) ("Declaratory relief

28  operates prospectively to declare future rights, rather than to redress past wrongs").  The

1  purpose of a declaratory judgment is to set controversies at rest before they cause harm to

2  the plaintiff, not to remedy harms that have already occurred.  County of San Diego v.

3  California, 164 Cal.App.4th 580, 607-08 (2008); see also Societe de Conditionnement v.

4  Hunter Eng. Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981) (A declaratory relief action "brings

5  to the present a litigable controversy, which otherwise might only be tried in the future.").  If

6  a party has a "fully matured cause of action for money," the party must seek damages

7  rather than declaratory relief.  Canova, 150 Cal.App.4th at 1497.

8        Plaintiff's declaratory relief cause of action fails because she seeks to redress past

9  wrongs rather than a declaration as to future rights.  The foreclosure sale has already taken

10  place, and therefore the claimed invasion of right has already occurred.  To the extent this

11  cause of action can be construed to seek to challenge the validity of the foreclosure sale on

12  the basis that the loan documents or Deed of Trust are void or voidable, "[i]t is settled that

13  an action to set aside a trustee's sale for irregularities in sale notice or procedure should be

14  accompanied by an offer to pay the full amount of the debt for which the property was

15  security."  Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984); see

16  also Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971) ("A valid and

17  viable tender of payment of the indebtedness owing is essential to an action to cancel a

18  voidable sale under a deed of trust.").  Nowhere in the complaint does plaintiff allege that

19  she is prepared to tender the loan proceeds.

20        Accordingly, plaintiff's ninth cause of action is dismissed for failure to state a claim

21  upon which relief may be granted.  Because it is clear from the allegations in the complaint

22  that amendment would be futile, this claim is dismissed with prejudice.

23        9.    Fraud

24        Plaintiff's tenth cause of action alleges that DHI and MERS made a representation to

25  plaintiff on February 15, 2008 that MERS "had the rights and standing of a beneficiary

26  under California law," and that this statement was false when made; the representation was

27  made to induce plaintiff to rely on such representation by executing a Deed of Trust;

28  plaintiff actually relied on the representation by signing the Deed of Trust on February 15,

1   2008; and plaintiff suffered damages from such reliance in the form of her property being

2   slandered as a result of the filing of the Notice of Breach.  Plaintiff further alleges that she

3   has been damaged as a result of seeking judicial intervention to prevent foreclosure on the

4   property.

5         Under California law, the elements of common law fraud are "misrepresentation,

6   knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages."  Gil v.

7   Bank of Am., Nat'l Ass'n, 138 Cal.App.4th 1371, 1381 (2006).  A court may dismiss a claim

8   grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading

9   requirements.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  This

10  means that plaintiff "must state with particularity the circumstances constituting fraud . . ."

11  Fed.R.Civ.P. 9(b).  In other words, plaintiff must include "the who, what, when, where, and

12  how" of the fraud.  Vess, 317 F.3d at 1106 (citations omitted).  "The plaintiff must set forth

13  what is false or misleading about a statement, and why it is false."  Decker v. Glenfed, Inc.,

14  42 F.3d 1541, 1548 (9th Cir. 1994).  "A plaintiff's burden in asserting a fraud claim against a

15  corporate employer is even greater.  In such a case, the plaintiff must allege the names of

16  the persons who made the allegedly fraudulent representations, their authority to speak, to

17  whom they spoke, what they said or wrote, and when it was said or written."  Lazar v.

18  Superior Court, 12 Cal.4th 631, 645 (1996) (internal quotation marks omitted).

19        As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump

20  multiple defendants together but require[s] plaintiffs to differentiate their allegations when

21  suing more than one defendant . . . and inform each defendant separately of the allegations

22  surrounding his alleged participation in the fraud."  Swartz v. KPMG LLP, 476 F.3d 756,

23  765-66 (9th Cir. 2007); see also Pegasus Holdings v. Veterinary Centers of America, Inc.,

24  38 F.Supp.2d 1158, 1163 (C.D. Cal.1998) (where an action involves multiple defendants, a

25  plaintiff "must provide each and every defendant with enough information to enable them 'to

26  know what misrepresentations are attributable to them and what fraudulent conduct they

27  are charged with.' ").

28        The purpose of Rule 9(b) is to ensure that defendants accused of the conduct

18

1  specified have adequate notice of what they are alleged to have done, so that they may

2  defend against the accusations.  Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995).

3  "Without such specificity, defendants in these cases would be put to an unfair advantage,

4  since at the early stages of the proceedings they could do no more than generally deny any

5  wrongdoing."  Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

6         Plaintiff's fraud claim fails because it does not satisfy the heightened pleading

7  requirements of Rule 9(b).  First, plaintiff did not allege any misrepresentation or false

8  statements made by Ocwen or HSBC.  Second, plaintiff did not allege the names of the

9  persons from DHI and MERS who made the allegedly fraudulent representations and their

10  authority to speak.  Nor did plaintiff allege with sufficient particularity or clarity, what is false

11  or misleading about the statement, and why it is false.  As such, plaintiff's allegations are

12  insufficient to satisfy the purpose of Rule 9(b), which is to ensure that defendants accused

13  of the conduct specified have adequate notice of what they are alleged to have done, so

14  that they may defend against the accusations.

15         Accordingly, plaintiff's tenth cause of action is dismissed for failure to state a claim

16  upon which relief may be granted.  This claim is dismissed with leave to amend to allege

17  specific facts giving rise to an inference of fraud.

18         10.    Fraud

19         Plaintiff's eleventh cause of action alleges that on or about February 15, 2008, an

20  unknown employee of Ocwen made a false representation by executing on behalf of MERS

21  a "Notice of Default," which stated that payments were due to MERS as beneficiary.

22  Plaintiff further alleges, on information and belief, that the representation in the Notice of

23  Default was a false representation in the following particulars: (1) documents were not

24  provided to the trustee that showed that either MERS or DHI or any other defendant were

25  the beneficiary and entitled to payments; and (2) at the time Ocwen made the

26  representations they knew they were false and were made for the sole purpose of inducing

27  reliance.  Plaintiff further alleges that she has been "damaged in having [her] home

28  wrongfully placed in foreclosure and a slander of [her] title, and being required to become

1   involved in this litigation . . ."

2   　　　Plaintiff's fraud claim fails because it does not satisfy the heightened pleading

3   requirements of Rule 9(b).  First, plaintiff did not allege any misrepresentation or false

4   statements made by DHI, MERS, or HSBC.  Second, plaintiff did not allege the names of

5   the persons from Ocwen who allegedly made the fraudulent representations and their

6   authority to speak.  Nor did plaintiff allege, with sufficient particularity or clarity, what is false

7   or misleading about the statement, and why it is false.  As such, plaintiff's allegations are

8   insufficient to satisfy the purpose of Rule 9(b), which is to ensure that defendants accused

9   of the conduct specified have adequate notice of what they are alleged to have done, so

10   that they may defend against the accusations.

11   　　　Accordingly, plaintiff's eleventh cause of action is dismissed for failure to state a

12   claim upon which relief may be granted.  This claim is dismissed with leave to amend to

13   allege specific facts giving rise to an inference of fraud.

14   　　　11.　　　Rescission and Damages Under 15 U.S.C. § 1635

15   　　　Plaintiff's twelfth cause of action seeks to rescind the "consumer credit transaction"

16   she entered into with Countrywide[6] because defendants violated TILA, and Regulation Z by

17   failing to deliver two copies of the notice to rescind identifying the transaction date and

18   clearly and conspicuously disclosing the date the rescission period expired.

19   　　　 TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§

20   226.1-.29 ("Reg Z"), require the lender to provide a form stating the specific date on which

21   the three-day rescission period expires.  Semar, 791 F.2d at 701 (citing 15 U.S.C. §

22   1635(a)).  If the lending institution omits the expiration date and fails to cure the omission

23   by subsequently providing the information, the borrower may rescind the loan within three

24   years after it was consummated.  Semar, 791 F.2d at 701-702 (citing  15 U.S.C. § 1635(f));

25   see also 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not

26   delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all

27

28   　　　　[6] The court notes that Countrywide is not a defendant to this action.  The court assumes that this is a typographical error, and that plaintiff intended to allege the consumer credit transaction entered into with DHI.

1    of the consumer's interest in the property, or upon sale of the property, whichever occurs

2    first.").[7]

3         As discussed above, because the foreclosure sale occurred before plaintiff

4    exercised her right to rescind, rescission is no longer available to plaintiff.  Hallas, 406

5    F.Supp.2d at 1183  (foreclosure sale terminated plaintiff's right of rescission).  Accordingly,

6    plaintiff's eleventh cause of action is dismissed with prejudice, as amendment could not

7    cure this deficiency.

8                                    **CONCLUSION**

9         For the reasons stated above, defendants' motions to dismiss are GRANTED.

10   Plaintiff shall file a first amended complaint in accordance with this Order no later than July

11   3, 2009.  The first amended complaint must comply with Rule 8 and Rule 9(b).  If the first

12   amended complaint is either filed untimely or lacks a cognizable claim, this action will be

13   dismissed with prejudice.

14        **IT IS SO ORDERED.**

15   Dated: June 12, 2009

16

17                                                    _____

18                                                    PHYLLIS J. HAMILTON
                                                      United States District Judge

19

20

21

22

23

24

25

26

27

28
_____
     [7] 12 C.F.R. § 226.23(b)(1) provides that notice of the right to rescind "shall clearly and conspicuously disclose . . .[t]he date the rescission period expires." 12 C.F.R. § 226.23(b)(1)(v).